AO 91 (Rev. 12/85) Criminal Complaint

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

NOV - 4 2014

NORTHERN

CLERK, U.S. DISTRICT COURT

By _____
Deputy

# United States District Court

_____ DISTRICT OF _____ TEXAS

UNITED STATES OF AMERICA

V.

RORY MINAFEE (1)
BONNER RAY TUTSON (2)

**3-14MJ743-BH**

**COMPLAINT**

CASE NUMBER: 3-14-MJ-

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November 4, 2014, in the Dallas Division of the Northern District of Texas, defendant(s) did,

knowingly and intentionally combine, conspire and agree with each other and other known and unknown persons, to possess with intent to distribute a controlled substance; and possession of a firearm during and in relation to a drug-trafficking offense;

in violation of Title __21__, United States Code, Section(s) __841(a)(1) and (B)(1)(C) and 846__ and __18__ United States Code, Section __924(c)__.

I further state that I am a(n) <u>Agent with the Texas Department of Public Safety (DPS)</u>

and that this complaint is based on the following facts:

See attached Affidavit of Agent Andrew Venable, (DPS) which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   <u>XX</u> Yes   No

_____
Signature of Complainant
ANDREW VENABLE
Agent, (DPS)

Sworn to before me and subscribed in my presence, on this __4th__ day of November, 2014, at Dallas, Texas.

IRMA C. RAMIREZ
<u>UNITED STATES MAGISTRATE JUDGE</u>
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## Affidavit in Support of Criminal Complaint

I, Andrew Venable, having been duly sworn, do depose and state as follows:

1.     I have been employed by the Texas Department of Public Safety for approximately seven years.  I have participated in previous investigations of drug conspiracies, organized crime, the execution of search warrants, and interviewing witnesses.

2.     I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States who authorized by law to conduct investigations of, and make arrest, for offenses enumerated in 18 U.S.C. § 2516.

3.     This affidavit is made for the limited purposes of establishing probable cause that **(1) Rory Minafee** and **(2) Bonner Ray Tutson** have committed offense in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(C) and 846, that is conspiracy to possess with intent to distribute a controlled substance, and 18 U.S.C. § 924(c), that is, possession of a firearm during and in relation to a drug-trafficking offense.

4.     This affidavit sets forth facts and suggests reasonable inferences from those facts establishing that there is probable cause to believe that on November 10, 2012, in the Dallas Division of the Northern District of Texas, **Minafee** and **Tutson** conspired with others, known and unknown, to possess distribution

amounts of powder cocaine, crack cocaine, and PCP with the intent to distribute such illegal narcotics.

5.     The information contained in this affidavit is based on my personal knowledge and experience, my personal participation in this investigation, and information obtained from other law enforcement officers and/or agents involved in this investigation.  Since this affidavit is being submitted for the limited purpose of securing arrest warrants, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that a violation of 21 U.S.C. §§ 841(a)(1), 21 U.S.C. § 846, 18 U.S.C. § 924(c)has been committed by **Minafee** and **Tutson.**

## FACTS AND CIRCUMSTANCES

6.     In the spring of 2013, the Drug Enforcement Administration (DEA) initiated an investigation on a cocaine drug trafficking organization (DTO) in the Dallas Metroplex area.  As a result of the investigation, a cooperating defendant (CD) gave information that Patrick Lenard was the person in charge of the cocaine DTO.

7.     In August, 2014, DEA agents learned of two locations (202 South Jim Miller, Apartments 1050 and 1052 and 6306 Benavides, both in Dallas, Texas)

where individuals were trafficking crack cocaine (cocaine base) cocaine and heroin that they believed was related directly to the Lenard DTO.

8.      Agents performed surveillance of several of Lenard's co-conspirators, including, Brandon Florence, who routinely traveled to 202 South Jim Miller, Apartments 1050 and 1052 and 6306 Benavides, both in Dallas, Texas.

9.      Agents have reviewed jail calls from Lenard to other co-conspirators. Lenard has specifically discussed 202 South Jim Miller, Apartment 1052 with Brandon Florence.

10.     It is the agent's belief, based on co-conspirator statements, surveillance, and the investigation, that Florence picks up drug proceeds from these locations.

11.     Controlled purchases have been made at 202 South Jim Miller, Apartments 1050 and 1052.

12.     Agents have also performed surveillance on another co-conspirator, Selena Ball, who has visited both 202 South Jim Miller and 6306 Benavides. Ball's role is to collect and hold drug proceeds.

13.     It is the agents' belief that the co-conspirators use these two locations (202 South Jim Miller and 6306 Benavides) as drug stash houses for the same overall conspiracy run by Patrick Lenard and his co-conspirators.

Affidavit in Support of Criminal Complaint – Page 3

14.    On November 4, 2014, at approximately 6:00 a.m., TXDPS-CID Agents and officers of the DEA North Texas High Intensity Drug Trafficking Area (NHIDTA) executed federal evidentiary Search Warrants at 202 South Jim Miller, Apartments 1050 and 1052.

15.    Inside of apartment 1052, law enforcement found and seized two (2) handguns (Smith & Wesson .38 caliber revolver and a Taurus .45 caliber semi-automatic handgun) and mall baggies filled with a white rock like substance believed to be crack cocaine packaged for individual sale, small baggies filled with white powdery substance believed to be cocaine, small baggies filled with marijuana, and multiple cellular phones.

16.    The two guns were next to the powdered and crack cocaine and marijuana found in the kitchen area of the apartment.

17.    Both guns were checked through the Bureau of Alcohol, Tobacco, and Firearms and were found to be manufactured for interstate commerce.

18.    **Minafee** and the other individuals detained on scene were transported to DEA Division for processing and interviews.

19.    DEA Special Agent (SA) Don York and TXDPS-CID Agent Andrew Venable interviewed **Minafee** in a room equipped with an audio and video recording device.

Affidavit in Support of Criminal Complaint – Page 4

20.     **Minafee** was read his *Miranda* warning and waived his rights. **Minafee** admitted to possessing cocaine when law enforcement first detained **Minafee.**

21.     **Minafee** admitted to selling crack cocaine out of apartment 1052. **Minafee** said he had been living in apartment 1052 since March of 2014.

22.     It is my belief that Florence or other co-conspirators of Lenard were supplying **Minafeee** with these drugs.

23.     **Minafee** admitted to purchasing both guns that were found in apartment 1052 for approximately two hundred and fifty dollars apiece during separate transactions.

24.     The total amount of powder cocaine and crack cocaine seized was approximately fifteen (15) grams.

25.     All drug evidence was submitted to the DEA lab for analysis.

26.     Agent Venable checked **Minafee's** complete criminal history and found **Minafee** is a convicted felon.

27.     Agent Venable and SA York also interviewed the other individuals found in apartment 1052.

28.     Two other individuals found in the apartment, Witness 1 and Witness 2, told law enforcement **Minafee** sold crack cocaine out of apartment 1052.

Witness 1 and Witness 2 also told law enforcement **Minafee** had the guns for protection.

29.     During the time **Minafee** was being interviewed, TXDPS-CID agents and DEA NHIDTA officers were conducting surveillance for a Federal fugitive at 6306 Benavides Drive, Dallas, Texas.

30.     Law enforcement observed a vehicle drive up and park by 6306 Benavides.  The occupants of the vehicle went to the door of 6306 Benavides and when nobody answered the door, got back into the vehicle and left.

31.     Law enforcement stopped the vehicle based on traffic violations and detained two individuals.

32.     One of the occupants was identified as **Bonner Tutson** and the other individual was Witness 3.

33.     **Tutson** was transported to the DEA for questioning.  **Tutson** was read his *Miranda* rights and waived those rights.

34.     **Tutson** subsequently told law enforcement that **Tutson** attempted to hide a shopping bag filled with approximately one pound of marijuana, United States currency, and one Cobra SS .380 handgun when law enforcement was stopping the vehicle.

35.     Agents believe, based on the investigation to date, that **Tutson** is one of the drug suppliers at 6306 Benavides and is also working at the direction of Lenard.

36.     Witness 3 was also read her *Miranda* warnings and waived her rights. She stated that the Cobra SS .380 handgun was **Tutson's**.

37.     Affiant checked with ATF and found the gun seized in the possession of **Tutson** was manufactured for interstate commerce.

38.     Affiant has viewed **Tutson's** record and found **Tutson** has felony convictions.

39.     **Tutson** and **Minafee** are part of a larger conspiracy controlled by Lenard and of which Florence and Ball are co-conspirators.

[remainder of page left intentionally blank]

## CONCLUSION

40.    Based on the totality of the above described circumstances, law enforcement believes that **Rory Minafee** and **Bonner Ray Tutson** have committed offenses in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(C) and 846, that is conspiracy to possess with intent to distribute a controlled substance, and 18 U.S.C. § 924(c), that is, possession of a firearm during and in relation to a drug-trafficking offense.


ANDREW VENABLE
Texas Department of Public Safety

Subscribed and sworn to before me this ____4th____ day of November, 2014


HON. IRMA C. RAMIREZ
United States Magistrate Judge
Northern District of Texas

Affidavit in Support of Criminal Complaint – Page 8