UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-cr-0451-B-10 |
| | § | |
| | § | |
| RORY MINAFEE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rory Minafee's Motion to Reduce Sentence (Doc. 513). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.
### BACKGROUND

On July 23, 2015, Rory Minafee was sentenced to 108 months of imprisonment and three years of supervised release after pleading guilty to possession of a controlled substance with intent to distribute. Doc. 265, J., 1–3. Minafee is currently thirty-two years old and is confined to Beaumont Medium Federal Correctional Institute (FCI), with a scheduled release date of July 6, 2022.[1] Beaumont has seventeen current cases of COVID-19—eleven among prisoners and six among staff—and forty-nine inmate recoveries from COVID-19, with zero deaths.[2]

Minafee now seeks compassionate release under 18 U.S.C. § 3582 because the COVID-19

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last visited August 4, 2020).

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/ (last visited August 4, 2020).

pandemic "has put him at risk." Doc. 513, Def.'s Mot., 2. This Order addresses Minafee's motion.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). But, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

The Court finds that Minafee has not established exhaustion of his administrative remedies at the BOP. And even assuming he had, , § 3582(c)(1)(A) does not warrant a sentencing reduction or compassionate release based on the merits of Minafee's case.

A.   *Minafee Has Failed to Exhaust His Administrative Remedies.*

Under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018, the Court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

Here, Minafee claims that he applied to the warden for his release more than thirty days ago and has yet to receive a response. Doc. 513, Def.'s Mot., 2. However, Minafee does not attach any evidence of his request to the warden, such as a copy of the request or the warden's confirmation of receipt. Without such evidence, the Court concludes that Minafee has not demonstrated exhaustion of his administrative remedies.[3]

B.  *Irrespective of Exhaustion, Minafee Fails to Demonstrate Extraordinary and Compelling Reasons that Warrant His Release.*

Regardless of Minafee's failure to exhaust his BOP remedies, he has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to

---

[3] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Minafee's motion, Minafee has not shown extraordinary and compelling reasons for release.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

Here, Minafee explains that the conditions at Beaumont put him "at a greater risk to be exposed to" COVID-19. Doc. 513, Def.'s Mot., 4. He "believes his life is at high risk . . . because the COVID-19 is [at Beaumont] and has started to spread . . . ." *Id.* at 5. He believes that his release from prison will help him to avoid this risk. *Id.*

The Court acknowledges that the COVID-19 pandemic is unprecedented. However, its generalized effect on the nation—and Beaumont—do not demonstrate extraordinary and compelling circumstances specific to Minafee. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Minafee does not, for example, attach evidence of any medical conditions that would make him more susceptible to the deadly symptoms of COVID-19 should he contract the virus.[5]

## IV.

## CONCLUSION

Minadee's motion for compassionate release under § 3582(c)(1)(A) fails, because he does not demonstrate exhaustion or extraordinary and compelling reasons for compassionate release. The Court thus **DENIES** Minafee's motion (Doc. 513) **WITHOUT PREJUDICE**.

By denying Minafee's motion without prejudice, the Court permits Minafee to file a

---

[5] This is not to say that the Court would grant compassionate release should Minafee have such medical conditions. Because Minafee does not allege any such conditions, the Court does not reach that hypothetical question.

Case 3:14-cr-00451-B Document 518 Filed 08/07/20 Page 5 of 5 PageID 2484

subsequent motion for compassionate release. However, as noted above, the Court points out that general concerns about COVID-19 do not rise to the level of extraordinary and compelling reasons for compassionate release. Moreover, the Court would need specific records of exhaustion and medical records should Minafee decide to re-file.

SO ORDERED.

SIGNED: August 7, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE