UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0451-B-10 |
| | § | |
| RORY MINAFEE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rory Minafee's Motion to Reduce Sentence and Release to Home Confinement Pursuant to 18 U.S.C. § 3582(c) (Doc. 526). Minafee previously filed a motion for a sentence reduction (Doc. 513), which the Court denied without prejudice by an Order (Doc. 518) dated August 7, 2020. For the reasons set forth below, the Court **DENIES** Minafee's present motion for a sentence reduction **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Minafee pleaded guilty to possession of a controlled substance with intent to distribute, the Court sentenced him to 108 months of imprisonment and three years of supervised release. Doc. 265, J., 1–3. Minafee, who is now thirty-two years old, is serving his sentence at Beaumont Medium Federal Correctional Institution (FCI). His statutory release date is July 6, 2022.[1] As of May 10, 2021, Beaumont Medium FCI reports zero active and 641 recovered cases of COVID-19 among its

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed May 10, 2021).

inmates.[2] On February 23, 2021, Minafee filed the pending motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 526, Def.'s Mot., 1. He sought leave to supplement his motion with medical records on March 25, 2021, Doc. 530, Def.'s Mot. to Suppl., 1, and the Court granted his request. Doc. 531, Electronic Order. The Court reviews Minafee's motion, along with his supplemented medical records, below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

*A.     Minafee Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed May 10, 2021).

warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

The Court denied Minafee's first motion for a sentence reduction, in part, because Minafee "d[id] not attach any evidence of his request to the warden" and thus "ha[d] not demonstrated exhaustion of his administrative remedies." Doc. 518, Mem. Op. & Order, 3. In his new motion, however, Minafee provides a "copy of [the] written request to the Warden to bring a motion to the Court for compassionate release/sentence reduction . . . dated Dec[ember] 17, 2020," as well as proof that "[t]he Warden denied [his] request[.]" Doc. 526, Def.'s Mot., 4; *see id.* at 19–23. This evidence—particularly the warden's letter denying the request, dated January 8, 2020—demonstrates "the lapse of 30 days from the *receipt* of such a request by the warden of the defendant's facility." § 3582(c)(1)(A) (emphasis added); *see* Doc. 526, Def.'s Mot., 22 (acknowledging warden received request on December 17, 2020). Thus, Minafee has demonstrated proof of exhaustion, and the Court turns to the merits of his motion.

B.  *Minafee Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Even though Minafee has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting a reduction in his sentence. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

§ 1B1.13 informative in evaluating an inmate's motion in light of *Shkambi*'s holding). Considering Minafee's motion in light of § 1B1.13 and applying the Court's discretion, the Court concludes that Minafee has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent Minafee raises general concerns about the ongoing COVID-19 pandemic, those concerns do not give rise to extraordinary and compelling circumstances. The Court recognizes the unprecedented nature of the COVID-19 pandemic and its effects on the nation, as well as its spread within federal prisons. However, generalized concerns about the spread of COVID-19 do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements[.]" *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Regarding Minafee's individual circumstances, "Minafee asserts that he qualifies for a sentence reduction and release to home confinement . . . based [on] serious bodily harm or death should he contact [sic] C[OVID]-19 virus and family circumstances." Doc. 526, Def.'s Mot., 3. However, the Court finds that Minafee's individual circumstances do not rise to the level of "extraordinary and compelling[.]" *See* § 3582(c)(1)(A).

First, Minafee states that "[i]t is possible that Minafee, an[] immunocompromised individual, . . . would be at a disproportionate risk of bodily harm or death in relation to his fellow inmates." Doc. 526, Def.'s Mot., 7. However, Minafee does not explain how he is "immunocompromised" or provide any evidence to substantiate this claim. *See generally id.* The only medical records he provides are those of his stepfather. *See generally* Doc. 532, Def.'s Suppl. When considering Minafee's prior motion for a sentence reduction, the Court found that Minafee's conditions and alleged risk of

contracting COVID-19 did not warrant a sentence reduction, in part, because "Minafee d[id] not . . . attach evidence of any medical conditions that would make him more susceptible to the deadly symptoms of COVID-19 should he contract the virus." Doc. 518, Mem. Op. & Order, 4. Again, the Court rejects Minafee's conditions and risk of contraction as a basis for a sentence reduction because he fails to provide evidence of any conditions that demonstrate an unstable physical condition or susceptibility to the virus.

Second, Minafee claims that his mother and stepfather are "experiencing a great deal of difficulties during this pandemic and" that Minafee is "the only available family member that could make the difference in his parents [sic] life or death." Doc. 526, Def.'s Mot., 6. Minafee claims that "should [his stepfather] contact [sic] C[OVID]-19," his mother would be his stepfather's "sole care provider[.]" *Id.* The issue, Minafee claims, is that his mother "has to leave her husband unattended to run errands during the day," which would be "unsafe for her husband" if he contracted COVID-19, given that he "is 96 years old" and suffers from diabetes. *Id.* While the Court appreciates Minafee's concern for the well-being of his stepfather, such a hypothetical situation does not constitute an extraordinary and compelling reason for Minafee's release.

As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558 (citations omitted). And indeed, the commentary explains that "[f]amily [c]ircumstances" may give rise to extraordinary and compelling reasons for a defendant's release in cases involving "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or

registered partner." § 1B1.13(1)(A) cmt. n.1(C).

While not binding, this commentary is informative as to when family circumstances may rise to the level of extraordinary and compelling. And the Court finds that Minafee's circumstances do not demonstrate the kind of necessity for his release that § 1B1.13 contemplates. Indeed, family circumstances may warrant a sentence reduction where a prisoner's release is absolutely necessary to protect the well-being of an incapacitated family member. But that is not what Minafee has shown here. Minafee suggests only that his stepfather *may* be incapacitated "should he contact [sic] C[OVID]-19" and that his mother *may* not be able to adequately care for him, given that she must "run errands during the day[.]" Doc. 526, Def.'s Mot., 6. And despite Minafee's stepfather's advanced age, the medical records provided by Minafee do not show that his stepfather is incapacitated. *See generally* Doc. 532, Def.'s Suppl. Accordingly, even setting aside § 1B1.13, Minafee's purported extraordinary and compelling family circumstances are entirely hypothetical and do not demonstrate the level of necessity the Court requires in order to grant his request for a sentence reduction.

Overall, there is nothing before the Court indicating that Minafee's personal circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Minafee's motion **WITHOUT PREJUDICE**.

C. *The Court Lacks Authority to Order Home Confinement.*

Insofar as Minafee requests to "be placed under home confinement at his mother's house in Dallas, Texas," Doc. 526, Def.'s Mot., 3, the Court lacks authority to order home confinement. Even if the Court were inclined to grant this request, requests for home confinement "are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C.

§ 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Thus, the Court cannot consider transferring Minafee to home confinement.

## IV.

## CONCLUSION

Minafee's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Minafee's motion (Doc. 526) **WITHOUT PREJUDICE**.

By denying Minafee's motion without prejudice, the Court permits Minafee to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of 18 U.S.C. § 3553. § 3582(c)(1)(A). Because Minafee fails to demonstrate extraordinary and compelling reasons for a sentence reduction, the Court need not conduct a § 3553 analysis today.

SO ORDERED.

SIGNED: May 10, 2021.

                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE